**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CYNTHIA EPES,

          Plaintiff-Appellant,

v.

CURTIS SIDDEN, CEO American Credit Acceptance Company,

          Defendant-Appellee.

No.   22-15219

D.C. No. 3:21-cv-07716-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted August 16, 2023[**]
San Francisco, California

Before: CALLAHAN, BADE, and BRESS, Circuit Judges.

After the district court dismissed Appellant Cynthia Epes's action for lack of

personal jurisdiction, she filed this appeal arguing that the district court erred in its

earlier denial of her motion to remand because her pleadings demonstrate to a legal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

certainty that she cannot meet the $75,000 amount-in-controversy threshold required for federal jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review a dismissal for lack of personal jurisdiction *de novo*." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). First, the plaintiff must demonstrate that the non-resident defendant performed "some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws." *Id.* at 802. Second, the plaintiff's claim "must be one which arises out of or relates to the defendant's forum-related activities." *Id.* If the plaintiff satisfies both of these prongs, the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction does not "comport with fair play and substantial justice." *See id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

As an initial matter, Epes contends we are precluded from considering personal jurisdiction before considering subject-matter jurisdiction, and thus we must first address her argument that the district court erred in denying her motion

2

to remand.  This argument relies on an overly narrow reading of the Supreme Court's opinion in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999), which explicitly permitted district courts to first consider "a straightforward personal jurisdiction issue presenting no complex question of state law" when "the alleged defect in subject-matter jurisdiction raises a difficult and novel question." Because there is nothing prohibiting us from similarly considering the straightforward personal jurisdiction issue presented by this case, we do so here and do not reach Epes's subject-matter jurisdiction arguments.

Epes's opening brief on appeal does not mention the dismissal of her case for lack of personal jurisdiction over Sidden, and none of her pleadings allege facts sufficient to establish personal jurisdiction over Sidden.  Because her complaint's jurisdictional allegations are facially deficient, the district court did not err in dismissing her suit for lack of personal jurisdiction.

Epes insists for the first time in her reply brief that dismissal for lack of personal jurisdiction is erroneous because the allegations in her complaint demonstrate Epes intended to sue Sidden's company and Epes's complaint includes sufficient allegations to support personal jurisdiction over the company. Epes acknowledges she did not present any argument that personal jurisdiction was proper over Sidden either before the district court or in her initial appellate brief, and so the issue has been waived twice over.  *See AMA Multimedia, LLC v. Wanat*,

970 F.3d 1201, 1213 (9th Cir. 2020) (noting that "[a]bsent exceptional circumstances," we "generally will not consider arguments raised for the first time on appeal"); *see also, e.g.*, *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are waived.") (quoting *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam)).[1]  And Epes's attempt to substitute a defendant for the first time in her appellate reply brief is procedurally improper.  Thus, because Epes's pleadings failed to allege sufficient facts to establish personal jurisdiction over Sidden and her arguments on appeal are without merit, she has not shown that the district court erred in dismissing her action for lack of personal jurisdiction.[2]

     **AFFIRMED.**

---

[1] Epes's reply brief argues that the general rule does not apply here because the personal jurisdiction issue was raised for the first time in response and Sidden will not be prejudiced because Epes has "already disclosed her personal-jurisdictional arguments in" a separate *appellate* pleading.  These arguments are unpersuasive, not least because they do not account for Epes's failure to argue personal jurisdiction before the district court.

[2] Epes argues at length that the order denying her motion to remand was ultra vires because it was decided by the court clerk rather than the presiding judge.  This reflects a lack of familiarity with the federal courts' docketing and electronic case monitoring systems, and there is nothing in the record to indicate the court clerk actually decided the motion to remand.  Indeed, the district court subsequently entered an order confirming that the court, and not a court clerk, adjudicated Epes's motion for remand to state court.